Nestor, J.
Jinbo Wang (‘Wang”) and Yang Yang (‘Yang”) rented an apartment at 705 Farms Drive in Burlington, Massachusetts. Wang and Yang entered into a one-year agreement with Stone Brook Farms, subsequently known as Eaves Burlington. Ultimately, Avalon Bay became the managing agent of the property.
The lease began on June 5, 2012 and ended on June 4, 2013. According to the terms of the agreement between the parties, Wang and Yang were required to give sixty days’ notice to terminate the lease.
On April 26, 2013, Wang and Yang submitted a written notice to Avalon Bay indicating that they would be vacating the apartment on June 26, 2013. This date was beyond the original end of lease date, but was calculated by using the sixty-day notice requirement rather than the original end date of June 4, 2013. Avalon Bay’s form was stamped “received” and initialed by an employee.
Avalon Bay then followed up with a letter on April 29, 2013. This letter acknowledged Wang and Yang’s intention to vacate the apartment, but added the following:
Your move-out date is scheduled for 6/5/2013. You are not fulfilling your lease term and have not made an offer to terminate your lease early therefore, you are responsible to pay rent, as per the notice requirements in your lease through 6/27/2013 or until the apartment is occupied by a new resident. In addition, if you received a concession, a pro-rated portion of this will be billed back to you. Since you are moving out early, we will try to lease your apartment home based on your move-out date. You agree to give up possession on this date so we can prepare the apartment. In the event we lease the apartment, you will only be responsible until the new resident moves in.
Avalon Bay then sent Wang and Yang a bill for $1,582.00 for rent due from June 1, 2013 through June 27,2013. Wang and Yang paid the bill, and the management company cashed the check and deposited the money.
Avalon Bay notified Yang on June 6, 2013 that the lease was over and he needed *209 to move out immediately. Yang indicated not only that it was impossible for him to move out, but also that their lease had been extended by agreement until June 27, 2013.
Notwithstanding the above facts, Avalon Bay served Wang and Yang with a notice of eviction on June 8,2013. Further discussions between the parties failed to resolve the dispute. Wang and Yang moved out on June 26, 2013.
On June 27, 2013, the parties appeared for a summary process hearing in the lower court. The eviction portion of the case was dismissed as moot.
Judgment entered on a counterclaim filed by Wang and Yang for violation of the right to “quiet enjoyment” of their premises under G.L.c. 186, §14. Wang and Yang had successfully argued in the trial court that the filing of a summary process action alone constituted a violation of their “quiet enjoyment” of their premises entitling them to the award of three months’ rent.
Under G.L.c. 186, §14, the issues for the court’s consideration of a claim of breach of quiet enjoyment are: (1) whether the landlord wilfully or intentionally failed to furnish water, hot water, heat, light, power, gas, elevator service, telephone service, janitor service, or refrigeration service to the occupants when the landlord was required by law or by the express or implied terms of any contract or lease or tenancy-at-will agreement to supply such utility at any time necessary to the proper or customary use of the premises; or (2) whether the landlord did otherwise directly or indirectly interfere with occupant’s quiet enjoyment of any residential premises or attempted to regain possession of such premises by force without benefit of judicial process. G.L.c. 186, §14.
The Appeals Court has ruled that there is “no authority for a rule that the mere commencement of proceedings for eviction, without more, violates the covenant.” Rahman v. Federal Mgt. Co., 23 Mass. App. Ct. 701, 705 (1987).[3]
The judgment for Wang and Yang on their counterclaim is vacated, and the case is dismissed.
So ordered.

 There is also a strong public policy in deterring landlords from self-help eviction. A decision holding that commencement of a summary process action is a breach of a tenant’s right to quiet enjoyment of his or her property would severely frustrate that policy preference.